```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

JOHN MILLS                                CIVIL ACTION

VERSUS                                    NO: 06-8501

LEXINGTON INSURANCE CO., ET               SECTION: "A" (3)
AL.
```

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 3)** filed by plaintiff John Mills.  Defendant Lexington Insurance Co. opposes the motion.  The motion, set for hearing on January 10, 2007, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is **GRANTED**.

### I. BACKGROUND

Plaintiff, a citizen of Louisiana, initiated this suit in state court against Lexington Insurance Co. ("Lexington") and Kennedy, Lewis & Associates, Inc. ("Kennedy"), Plaintiff's insurance agent.[1]  Plaintiff alleges that Lexington has in bad

---

[1] Plaintiff does not allege the citizenship of Kennedy.  In the notice of removal, Lexington takes the position that removal is proper because Plaintiff has not "named" a local defendant in the petition.  This assertion is legally incorrect.  As the removing party Lexington bears the sole burden of establishing subject matter jurisdiction.  Thus, Lexington must affirmatively establish that the parties are completely diverse.  Subject matter jurisdiction cannot be established by default based on Plaintiff's failure to plead the citizenship of all parties.
   Plaintiff also sued AAA Contractors, a "nominee corporation." (Pet. ¶ II).  For purposes of determining subject matter jurisdiction at the time of removal the citizenship of

faith refused to pay for all of his hurricane-related damages. Plaintiff alleges that Kennedy failed to procure adequate insurance coverage for the property.

Lexington removed the suit to this Court alleging diversity jurisdiction because Plaintiff has improperly joined Kennedy in order to defeat federal jurisdiction.  Lexington argues that Plaintiff cannot state a claim against Kennedy under the facts alleged and that Plaintiff has misjoined the claims against Lexington and Kennedy.  Plaintiff moves to remand the case arguing that his claim is timely and that Kennedy failed to procure the necessary coverage.

## II.  DISCUSSION

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. Kennedy Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)).  The standards for resolving a Rule 12(b)(6) challenge and determining improper joinder are similar. Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003) (citing Travis, 326 F.3d at 648).  However, the scope of inquiry

---

defendants sued under fictitious names is disregarded.  28 U.S.C.A. § 1441(A) (West 2006).

for fraudulent joinder is broader than that for Rule 12(b)(6) because for an improper joinder analysis the court's review is not limited to the pleadings.  See id. at 462-63.  Rather, the court may "pierce the pleadings" and consider summary judgment-type evidence.  Id. at 463 (citing Travis, 326 F.3d at 648-49).

The crux of Plaintiff's complaint against Kennedy is that it did not procure adequate coverage on behalf of Plaintiff or advise Plaintiff that his coverage should be increased.  This Court has already held that Louisiana law does not impose a duty on an insurance agent to counsel an insured on policy limits.  Parker v. Lexington Insurance Co., No. 06-4156, 2006 WL 3328041 (E.D. La. Nov. 15, 2006).  However, Plaintiff specifically alleges that Kennedy was engaged to act as his agent in retaining coverage suitable to cover the property in its entirety.  (Pet. ¶ XX).  In other words, Plaintiff alleges that Kennedy undertook a duty that Louisiana law would not otherwise impose.  The Court must evaluate all contested facts in the light most favorable to Plaintiff.  In re Rodriguez, 79 F.3d 467, 469 (5th Cir. 1996).  Thus, the Court cannot conclude that Plaintiff has failed to state a claim against Kennedy under Louisiana law.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 3)** filed by plaintiff John Mills should be and is hereby **GRANTED**.  This matter

is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

January 22, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE